NICOLÁS ORTIZ LEBRÓN, Appellant, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 834. Argued February 12, 1931.—Decided June 15, 1931.

*Luis E. Dubón* and *B. Sánchez Castaño* for appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellant, Nicolás Ortiz Lebrón, undertook by a

public deed to furnish Felipe Rivera Zayas and his wife, Concepción Mendoza Dávila, with funds up to $2,240 for the planting, cultivation, and harvesting of tobacco to be planted on a property belonging to him, which funds would be delivered in accordance with the needs and expenses of the cultivation and in the form and manner mutually agreed between the parties. In this deed Felipe Rivera Zayas, for himself and as the attorney in fact of his wife, constituted a crop lien on all tobacco to be harvested during 1931, and promised to repay said sum on June 30, 1931, with interest thereon in case of default at the rate of 12 per cent per annum and $300 estimated for costs, expenses, and attorney's fees in case of judicial claim. In the same instrument Rivera Zayas created a mortgage on two pieces of community property in favor of Ortiz Lebrón.

On presentation of this deed in the registry of property, the mortgage was recorded but the record of the crop loan contract was denied because the power of attorney granted by Concepción Mendoza Dávila to her husband did not contain any clause expressly empowering and authorizing him to enter into any agricultural loan contracts, and also because it appeared that no specific amount had been stated for interest in case of default.

The above decision has given rise to the present administrative appeal, in which the appellant admits that the husband needs an express power of attorney from his spouse in order to encumber said crops, as the latter are immovables under subdivision 2 of section 335 of the Civil Code and are conjugal property; but he claims that the power granted by Concepción Mendoza Dávila to her husband expressly and specifically authorizes him to encumber those crops, since two of its clauses state as follows:

"*Fourth*. To borrow such sums as he may consider necessary for the proper management and operation of the said conjugal properties belonging to them and the financing of crops under such terms, interest, and conditions as he may deem reasonable.

"*Fifth.* To constitute mortgages or any other liens on immovables belonging to said conjugal partnership, or on the fruits thereof, as the case may be, for such time and upon such conditions as he may deem advisable, in order to secure the debts of said conjugal partnership already contracted or that might be contracted in the future."

According to the above stipulations, the wife granted authority to her husband to borrow money for the raising of crops on their property and to constitute mortgages or any other liens on the immovables belonging to the conjugal partnership, or on the fruits thereof.

The registrar says, and it is true, that agencies should be strictly construed and that in a special power of attorney there should be stated the kind of acts the attorney in fact is authorized to execute. But in the case at bar the power of attorney in terms authorizes Felipe Rivera Zayas to constitute mortgages or any other liens on the fruits of the conjugal property. This language sufficiently covers the action of the husband in creating a lien upon the tobacco to be planted, even though the instrument failed to specifically authorize him to encumber property under a crop loan contract, as such power was conferred on him when he was authorized to borrow money for financing crops and to mortgage the latter, these acts being inherent in agricultural loan contracts.

Regarding the refusal to record the security given to answer for the interest in case of default, we think that the registrar is right.

Definite liabilities should appear from the registry, and it is not sufficient to state that interest shall be at the rate of 12 per cent where, as in the instant case, it is not known what sums are to be delivered each time, or whether the credit would be exhausted at the expiration of the crop loan contract, and hence any existing balance could not be determined from the registry. Nor does the crop loan contract state when the obligors shall be deemed in default. A similar case is that of *United Porto Rican Bank* v. *Registrar,* 38 P.R.R. 315.

The decision appealed from must be reversed as to the refusal to record the contract, which should be registered, and affirmed as to the refusal to record the interest in case of default.